UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARLOS CALIX, on behalf of | * | |
| himself and other persons similarly | * | |
| situated, | * | CIVIL ACTION NO:  14-2430 |
| Plaintiff | * | |
| | * | |
| versus | * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | |
| ASHTON MARINE LLC and | * | |
| ASHTON BOAT CONSTRUCTION | * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |
| LLC and PAUL M. BOUDREAUX, | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' OPPOSITION TO MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE

**MAY IT PLEASE THE COURT:**

Defendants, Ashton Marine LLC ("Ashton Marine") and Paul Boudreaux ("Boudreaux") (hereinafter collectively referred to as "Defendants") respectfully request that this Honorable Court deny Plaintiff's, Carlos Calix's ("Calix"), *Motion for Conditional Class Certification and Judicial Notice* because he has failed to meet the minimum standards required by the law.  Calix has failed to satisfy the "similarly situated" prong preventing Calix from conditionally certifying a class at this time.  Furthermore, Calix's only evidence is an unsworn statement, which, among other flaws, relies upon uncorroborated evidence that is outside his scope of knowledge.  This statement is not sufficient to warrant certification of a collective action.

## LAW AND ARGUMENT

1. **CALIX HAS FAILED TO MEET THE REQUIREMENTS TO CERTIFY A COLLECTIVE ACTION UNDER THE FLSA**

There are two jurisprudential standards used in determining whether to authorize notice to similarly-situated employees advising them of their right to join a Fair Labor Standards Act ("FLSA") collective action. *Mooney v. Aramco Services. Co.*, 54 F.3d 1207, 1213-15 (5th Cir. 1995). Calix argues that the more lenient standard, often referred to as the *Lusardi* approach, should be applied. While Defendants do not concede that this is either the right or wrong approach, Defendants simply contend that even under this "more lenient" approach, Calix has not met his burden.[1]

Under *Lusardi*, there is a two-step analysis to determine whether the alleged class of plaintiffs are "similarly situated" allowing the court to order conditional certification. *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 877 (E.D.La. 2008). The first step is the "notice stage" where the district court must determine if notice should be issued to potential class members. *Id*. at 877-78. At this stage, the plaintiff bears the burden of presenting substantial allegations that the alleged potential class members were all victims of a single, decision, policy, or plan. *Id*. at 878; *citing Mooney*, 54 F.3d at n. 8. While this burden is not heavy, the plaintiff must nevertheless provide a "factual basis" for these allegations. *Xavier*, 585 F.Supp.2d at 877; *citing Hall v. Burk*, 2002 WL 413901, at *3 (N.D.Tx. March 11, 2002). "Unsupported assertions of widespread violations are not sufficient to meet plaintiff's burden." *Xavier*, 585 F.Supp.2d at 877; *citing Haynes v. Singer So., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). The courts require plaintiff provide "some identifiable facts or legal nexus [that] bind the claims so that hearing the

---

[1] The Fifth Circuit has found it unnecessary to determine which method is appropriate, and therefore, both the *Lusardi* approach and the *Shushan* approach are valid approaches.

cases together promotes judicial efficiency." *Xavier*, 585 F.Supp.2d at 877; *citing Barron v. Henry County School System*, 242 F.Supp.2d 1096, 1103 (M.D.Ala. 2003).

While the "similarly situated" standard is lenient at this stage, general allegations that a defendant violated the FLSA do not suffice. *Xavier*, 585 F.Supp.2d at 877.  Plaintiff must also show more than a mere "matching of job responsibilities" to show that alleged potential class members are "similarly situated." *Id*.  This is the only way to ensure that the collective action truly promotes the efficient resolution of factual and legal issues. *Id*.  While Defendants in no way admit that any FLSA violations occurred, "the mere fact that violations occurred cannot be enough to establish similarity, as that would not ultimately be sufficient to establish a pattern and practice without a showing that the violations were more than sporadic occurrences." *Id*; *citing Barron*, 242 F.Supp.2d at 1104.

The "similarly situated" analysis requires the potential class members to have similar "job requirements" and "pay provisions." *Xavier*, 585 F.Supp.2d at 877; *citing Lima v. International Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 798 (E.D.La. 2007).  The plaintiff must demonstrate a reasonable basis for any allegations that "similarly situated" persons truly exist. *Xavier*, 585 F.Supp.2d at 877.  Thus, certification is not an automatic proposition. *Xavier*, 585 F.Supp.2d at 878.  "The Court [should be] mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation.'" *Xavier*, 585 F.Supp.2d at 877; *quoting Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663, 668-69.  In fact, the Southern District of Texas noticed that of the 115 FLSA actions alleging to be collective actions filed in 2005, that court only certified seventeen (17) as such. *Badgett v. Texas Taco Cabana, LP*, 2006 WL 2934265, *2 (S.D.Tx. Oct. 12, 2006).

3

A number of courts, including the Eastern of District of Louisiana, have applied a three-factor test at the notice stage of *Lusardi* in determining whether a plaintiff has met his burden. *Crowley v. Paint & Body Experts of Slidell, Inc.*, No. 14-172 (*slip copy*), 2014 WL 2506519 (E.D.La. June 3, 2014).  The factors are: "(1) whether Plaintiffs have demonstrated a reasonable basis for believing that aggrieved individuals exist, (2) whether those aggrieved individuals are similarly situated to Plaintiffs, and (3) whether those individuals desire to opt-in to this lawsuit." *Id*. at *5.

The only evidence submitted by Calix in support of his *Motion for Conditional Class Certification and Judicial Notice* is his own, unverified, unsworn declaration and the unsupported allegations contained in his Complaint.  After considering the evidence produced and the applicable jurisprudence, Calix has failed to demonstrate that other individuals exist, that these alleged individuals may be similarly situated to Calix, or that any of these alleged individuals actually desires to join a collective action.  Accordingly, this Court should deny the collective action certification.

### A. CALIX'S COMPLAINT AND "DECLARATION" FAIL TO NAME ANY OTHER POTENTIAL MEMBER AND COMPLETELY FAIL TO EVEN ALLEGE THAT ANY OTHER POTENTIAL MEMBER MAY BE INTERESTED IN OPTING-IN TO THE CLASS

A review of Calix's Complaint, Motion for Conditional Class Certification, and unsworn declaration reveals that Calix has failed to even allege that any other "similarly situated" class member may desire to opt-in.  No consents have been filed.  Calix does not attach affidavits of any other person that may be "similarly situated." Calix does not name a single other person that may be "similarly situated." These failures alone should convince this Court to deny Calix's Motion.

In *Crowley*, Judge Brown denied plaintiffs' **unopposed** Motion for Class Certification Under the FLSA. *Crowley,* 2014 WL 2506519 (emphasis added). Two plaintiffs filed Motions to

Conditionally Certify. *Id*. at *2.  Even though two plaintiffs filed "sworn" affidavits, the court noted that:

> Further, Plaintiffs do not provide affidavits from any other general employees of Paint & Body Experts beside Crowley and Brown; indeed, Plaintiffs fail even to name or specifically identify any individuals who were not paid overtime. Moreover, there is no suggestion anywhere in the record that other individuals desire to opt-in to this class. Other district courts have denied certification under these circumstances.

*Id*. at *7.

Accordingly, Judge Brown denied plaintiffs' unopposed Motion to Conditionally Certify the Class.  *Id*.  The same facts appear in this case.  Analyzing the unsworn statement of Calix, the only person named in any pleading, Calix has failed to provide any reasonable basis that other individuals exist or that any of these alleged individuals desire in the slightest degree to join in his lawsuit.  Accordingly, even assuming that all allegations contained in Calix's unsworn, unverified "declaration" are true, Calix has failed to come close to alleging sufficient facts to form any reasonable basis that others "similarly situated" to him actually exist.

**B.  CALIX'S ALLEGATIONS ARE INCONSISTENT AND CONTRADICTORY**

While to date Calix has only made scant factual allegations, even these allegations are not consistent and cast Calix's factual allegations in a shadow of untruthfulness and uncertainty. In his *Collective Action Complaint*, Calix alleged that "Defendants paid Plaintiff approximately $15.00 per hour." (See Rec. Doc. 1, at paragraph 21).  Less than three months later, Calix now states that he was paid $20.00 per hour. (See Rec. Doc. 9-2, at paragraph 9).  A five dollar an hour increase in hourly wage is, at the very least, suspicious.

Another troubling inconsistency is the fact that Calix states in paragraph six (6) of his "Declaration" that he only performed two basic jobs; carpentry and welding. (See Rec. Doc. 9-2,

at paragraph 6).  In the very next statement, Calix alleges that his basic job tasks were welding, carpentry, and *painting*. (See Rec. Doc. 9-2, at paragraph 7).

Another blatant and quite critical discrepancy is that Calix alleges in paragraph 1 of his *Collective Action Complaint* that he worked for Defendants "at various times during the past three years." (See Rec. Doc. 1, at paragraph 1).  Oddly enough, in paragraph 6 of that same pleading and in paragraph 2 of his Declaration, Calix alleges that he worked for Defendants between November 2013 and September 2014. (See Rec. Doc. 9-2, at paragraphs 2 and 6).

The inconsistent and unverified nature of Calix's factual allegations contained in his *Collective Action Complaint* compared to the factual allegations contained in his "Declaration" should insert concern for the truthfulness of all alleged factual assertions to this point.  These factual allegations have no support from any other source.  The wavering allegations asserted by Calix should cast a shadow of doubt on the veracity of these facts, and in no way should this Court deem these factual allegations sufficient to find a reasonable basis for class certification.

**C.   THE PUTATIVE CLASS, AS DEFINED BY CALIX, IS OVERLY BROAD IN SCOPE AND IS NOT REFLECTIVE OF THE NAMED EMPLOYEE'S EMPLOYMENT**

Calix has defined the alleged putative class as "all current and former employees of Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty-hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek between October 15, 2011 and October 15, 2014."  (See Rec. Doc. 1, at paragraph 31).

Calix has failed to limit the alleged putative class in any way.  The putative class must be limited to those persons whom are "similarly situated" to the named plaintiff, Calix.  Stating that

the putative class consists of all current and former employees allegedly not paid overtime is an endless class of potential plaintiffs that is not allowed by the law.

Consistent with all other material elements of Calix's lawsuit thus far, the definition of the putative class in Calix's *Motion for Conditional Class Certification and Judicial Notice* is substantially different than that contained in his *Collective Action Complaint*. In Calix's Motion, he defines the putative class as "all Defendants' employees who: (1) were employed as carpenters, welders, painters or general laborers at Ashton Marine LLC within the past three years, and (2) were not paid overtime for the hours that they worked in excess of 40 hours, during any work week." (See Rec. Doc. 9-1, at page 7).

While this definition is somewhat limited, even this definition is too broad to be accepted by the law. In his own "Declaration," Calix admits to working in carpentry and welding. (See Rec. Doc. 9-2, at paragraph 7). Expanding the scope of the putative class to those employed in entirely different capacities than Calix would be improper and potentially cause substantial prejudice to Defendants. Additionally, there is no evidence that any of these other employees were paid the same as Calix, except Calix's own hazy allegations. The definition of the putative class must be limited to those employees that are "similarly situated" to Calix. Neither definition that Calix currently uses is sufficient to meet this test and any potential class must be further limited.

2. ALTERNATIVELY, DEFENDANTS OBJECT TO CALIX'S BIASED AND MISCONCEIVED PROPOSED NOTICE

Purely in the alternative to Defendants' above argument, if this Court determines that Calix's declaration and Complaint are sufficient to justify conditional certification, which Defendants deny, then Defendants object to the biased and illegal proposed notice submitted by Calix.

7

Calix has attached as Exhibit 2 to his *Motion for Conditional Class Certification and Judicial Notice*, a Proposed Notice to Sue. (See Rec. Doc. 9-3).  The Notice violates the law and the intent behind a notice, and must be rejected.

The proposed notice contains a summary of Calix's claims, but fails to state any of the specific defenses or affirmative defenses that Defendants have to the litigation. *See Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 253 (M.D.Tenn. 1996) (where the court approved a description of the defendant's affirmative defenses as an appropriate component of the notice); and *Lima*, 493 F.Supp 2d. at 801 and *Garza v. Chicago Transit Authority*, 2001 WL 503036 (N.D. Ill. 5/8/2001) (both courts requiring language that, if the court rules in favor of defendants, the opt-in plaintiffs will not be entitled to relief.)  Defendants request that any applicable defenses and/or affirmative defenses be included as well as the caveat that no relief will be permitted if this Court rules in Defendants' favor be included.

Calix's notice is also flawed in that it fails to notify alleged potential class members that they can choose their own counsel.  In fact, Calix's notice informs potential class members that "If you choose to join this case by filing a Consent Form, your interest will be represented by the Law Office of Roberto Costales and local counsel William H. Beaumont, Esq." Not allow does the Proposed Notice fail to provide potential members with a choice of counsel, it forces representation by Calix's counsel upon the potential class members.  Calix's proposed notice must provide any potential class members with the opportunity to select counsel of their own or join Calix's counsel only if they so desire.

The use of the case caption, the use of Your Honor's name, and any statement that this Court has authorized the sending of this notice is also completely inappropriate and prejudices Defendants.  "Use of the case caption and inclusion of a statement that the Court has approved the

notice would create the very impression of judicial imprimatur." *King v. ITT Continental Baking, Co.*, No. 84-3410, 1986 WL 2628 (N.D.Ill. Feb. 18, 1986); *citing Woods v. New York Life Insurance Co.*, 986 F.2d 578, 580 (7th Cir. 1982).

Defendants further object that the proposed notice does not notify potential class members of the obligations imposed upon them once they elect to opt-in.  Opt-in plaintiffs are parties under Section 216(b) and are subject to discovery according to the Federal Rules of Civil Procedure.  Once the opt-in plaintiff submits his intent in writing, he becomes a party plaintiff subject to being deposed in New Orleans, being called to testify at trial in New Orleans, and produce documentation.  *See Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630 (D.Colo. 2002).  Inclusion of this information informs potential plaintiffs not only about the nature of the action and their potential rights, but also of the potential obligations that they will be expected to perform.

Defendants also object to the Notice being signed by Plaintiff's attorney.  The proposed notice is supposed to be neutral on its face and thus, the notice should not appear to come directly from Calix's counsel's desk.  This appearance could provide a certain degree of impropriety that could prejudice defendants.  Therefore, the notice should contain the name of undersigned's firm in addition to plaintiff's counsel's firm name, and the notice should not contain a signature line from either attorney.

The proposed sixty (60) day opt-in period suggested by Calix is longer than traditionally allowed by the jurisprudence.  Many reported decisions afford opt-in periods of 30 days or less from the date of notice.  See *Johnson v. American Airlines, Inc.*, 531 F.Supp. at 961; *Held v. National Railroad Passenger Corp.*, 101 F.R.D. 420, 425 (DDC 1984); *King v. ITT Continental Baking Co.*, 1986 WL 2628 (N.D. Ill.  2/18/86); *Allen v. Marshall Field & Co.*, 93 FRD 438, 449 (N.D. Ill. 1982); *Watkins v. Milliken & Co.*, 613 F.Supp. 408, 420 (W.D. N.C. 1984).  Further, the

9

potential claimants' interests are served by promptly opting into the action, if he or she so chooses, because such is required in order to toll the limitations.  29 U.S.C. § 256(b).  Accordingly, defendants respectfully suggest that the opt-in period for all potential claimants is sufficient if limited to a period of 30 days.

As such, Defendants request this Court provide them with the opportunity to draft and submit a Proposed Notice for this Honorable Court's review.

**CONCLUSION**

**WHEREFORE**, Defendants, Ashton Marine, LLC and Paul Boudreaux, respectfully request that this Court deny Plaintiff's *Motion for Conditional Class Certification and Judicial Notice* due to the lack of factual support.  Plaintiff has utterly failed to even allege that either other individuals exist that are similarly situated or that may desire to opt-in to this action.  As such, Calix has failed to even meet the light burden placed on him by the jurisprudence, which failure warrants the dismissal of his motion.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[  ] U.S. Mail
[  ] Hand Delivery
[  ] Facsimile
[  ] Other

This 3rd day of February, 2015.

*//s// James Alan Crouch*

_____

Respectfully Submitted,

STAINES & EPPLING

*//s// James Alan Crouch*

_____
**ANTHONY J. STAINES (12388)**
**JULIE STEED KAMMER (24656)**
**JAMES ALAN CROUCH (35729)**
3500 North Causeway Boulevard, Suite 820
Metairie, LA 70002
Telephone:  (504) 838-0019
Facsimile:  (504) 838-0043
*Counsel for Ashton Marine, LLC, Ashton Boat Construction, LLC, and Paul Boudreaux*