UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS CALIX | CIVIL ACTION |
| VERSUS | NO. 14-2430 |
| ASHTON MARINE LLC ET AL. | SECTION "K" (2) |

## ORDER AND REASONS ON MOTION

This is a conditionally certified collective action under the Fair Labor Standards Act ("FLSA") seeking recovery of allegedly unpaid overtime compensation. Plaintiffs' Motion to Quash Subpoena Duces Tecum and Motion for a Protective Order, Record Doc. No. 35, is pending before me. Defendants filed a timely written opposition, Record Doc. No. 38, and plaintiffs were granted leave to file a reply. Record Doc. Nos. 39-41. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

Defendant served a subpoena duces tecum on the current employer of plaintiff seeking production of the employer's "complete file regarding" plaintiff. Record Doc. No. 35-2. Subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see Nicholas v. Wyndham Int'l, Inc., No. 2001/147-M/R, 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery"); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45 subpoena

does in fact constitute discovery"). The court has authority either to quash or to modify a subpoena that exceeds the strictures of either Rule. Fed. R. Civ. P. 26(c)(1)(A) and (D); 45(d)(3). The permissible scope of discovery extends only to "matter that is relevant to any party's claim or defense," but may be extended by court order "[f]or good cause" to the broader range of "any matter relevant to the subject matter involved in the action," and also includes inadmissible material, as long as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides in pertinent part that "[a] party or any person from whom discovery is sought may move for a protective order . . . The court <u>may</u>, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . ." The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates <u>a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.</u>'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))(emphasis added); <u>see also</u> <u>United States v. Talco Contractors, Inc.</u>, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Contrary to plaintiff's erroneous argument in his reply memorandum, Record Doc. No. 41, the independent contractor defense asserted by defendants is valid and applicable in an FLSA case like this one. <u>Talbert v. American Risk Ins. Co.</u>, 405 Fed. Appx. 848,

855-56, 2010 WL 5186768, \*\*6 (5th Cir. 2010) (citing Thibault v. Bellsouth Telecommunications, Inc., 612 F.3d 843, 845-46 (5th Cir. 2010). When this defense is asserted, the court must "consider whether [plaintiff] was an employee of [defendants] within the meaning of the FSLA, or an independent contractor and thus not subject to the FLSA's overtime compensation requirements." Talbert, 405 Fed. Appx. at 854-55. In making this determination

> we consider five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. No single factor is determinative. Rather, each factor is a tool used to gauge the economic dependence of the alleged employee, and each must be applied with this ultimate concept in mind.

Id. at 855 (emphasis in original).

In this instance, the subject subpoena duces tecum, Record Doc. No. 35-2, seeks some items that are relevant and/or reasonably calculated to lead to the discovery of admissible evidence as to defendant's independent contractor defense to the subject FLSA claims, but is overly broad in seeking other items that are not. Specifically, some of the subpoenaed material seeks information relevant to plaintiff's employment status and economic dependence on defendants, rather than upon others. Thus, the motion is granted in part in that the subpoena is hereby modified such that the "complete file regarding" plaintiff need not be produced because Items Nos. 5, 6, 8 and 9 on Attachment "A" are overly broad and/or neither relevant nor reasonably calculated to lead to the discovery of

3

admissible evidence as to the independent contractor defense, and those items are hereby stricken from the subpoena.

On the other hand, the motion is denied as to Items Nos. 1-4 and 7 on Attachment "A" to the subpoena. Plaintiff's affidavit attached to his reply memorandum, Record Doc. No. 39-3, is insufficient to establish either the "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in support of his argument that the subpoena represents some sort of in terrorem tactic, or that it seeks irrelevant information as to these items. On the contrary, the affidavit indicates that his current employment is close in time proximity to the time periods of employment by defendants and is therefore reasonably calculated to lead to the discovery of admissible evidence concerning his economic dependence and employment relationship to defendants.

Accordingly, **IT IS ORDERED** that the subpoena recipient must produce those materials within its possession, custody or control, responsive to Items Nos. 1-4 and 7 on Attachment "A" to the subpoena, as requested.

New Orleans, Louisiana, this \_\_\_3rd\_\_\_ day of June, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE